IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KATELYN M. CASAPULLA,<br><br>Plaintiff,<br><br>v.<br><br>BNY ADMINISTRATIVE SERVICES LLC, a Delaware Limited Liability Company, and THE BANK OF NEW YORK MELLON CORPORATION, a Delaware corporation,<br><br>Defendants. | ) | C.A. No. 25-1456 (MN) |

**MEMORANDUM ORDER**

At Wilmington, this 30th day of September 2026;

On December 12, 2025, Plaintiff in this employment case sued Defendants for hostile work environment, sex discrimination, retaliation, and negligent hiring, training and supervision. Presently before the Court is Defendants' motion to dismiss Plaintiff's hostile work environment (Counts I, II) and negligent hiring, training, and supervision (Count V)[1] claims. (D.I. 6). The Court will GRANT Defendants' motion and GRANT Plaintiff leave to amend her Complaint with respect to the hostile work environment claims (Counts I, II).

**A. Time Bar**

There is no dispute that Plaintiff's hostile work environment claims under Title VII and the Delaware Discrimination in Employment Act ("DDEA") are subject to a 300-day administrative filing period. *See* 42 U.S.C. § 2000e-5(e)(1); 19 Del. C. § 712(c)(1)a. For a hostile work

1 Defendants also seek dismissal of Plaintiff's negligent hiring, training, and supervision claim (Count V) under the exclusivity provision of the Delaware Workers' Compensation Act, which is mistakenly labeled Count VII in the Complaint. Plaintiff expressly does not oppose dismissal of this claim. (D.I. 12 at 2). The Court will therefore dismiss it with prejudice.

environment claim to be timely, at least one act contributing to the alleged hostile environment must fall within that period. *See Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 165-66 (3d Cir. 2013).

Plaintiff alleges that she filed her administrative charge on March 3, 2024. (D.I. 1 ¶ 13). She does not dispute Defendants' contention that the alleged harassment underlying these claims occurred no later than May 4, 2023. (D.I. 7 at 6; D.I. 12 at 6). Even using May 4, 2023 as the last date of alleged harassment, Plaintiff needed to file her charge by February 28, 2024 (300 days after May 4, 2023). Her March 3, 2024 charge was therefore untimely.

Plaintiff responds that her earlier communications with the Equal Employment Opportunity Commission ("EEOC") satisfied the charge filing requirement. (D.I. 12 at 7-8). She specifically points to a May 25, 2023 pre-charge inquiry and request for an interview, as well as a Form 5A she asserts she submitted on February 9, 2024, to satisfy the requirement. (D.I. 12 at 8). Those facts, however, are not alleged in the Complaint. A "complaint may not be amended by the briefs in opposition to a motion to dismiss." *Gov't Emps. Ins. Co. v. Mount Prospect Chiropractic Ctr., P.A.*, 98 F.4th 463, 472 (3d Cir. 2024) (quoting *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)). Plaintiff's newly asserted filing history therefore cannot cure the deficiency in her existing pleading.

**B. <u>Equitable Tolling</u>**

Plaintiff contends the Court should apply equitable tolling to find her claims timely because the EEOC "fail[ed] to act in a timely manner" when it did not conduct her intake interview as scheduled in October 2023. (D.I. 12 at 8). That argument likewise depends on facts introduced in her opposition to Defendants' partial motion to dismiss rather than on those alleged in the Complaint. Specifically, the Complaint does not include allegations regarding the scheduled interview, the EEOC's failure to contact her, or her subsequent efforts to pursue a charge. (*See*

*generally* D.I. 1 ¶¶ 1-67). As explained, assertions in opposition to a motion to dismiss do not amend the Complaint, and the Court therefore declines to resolve whether they would support equitable tolling if properly pled.

**C. <u>Conclusion</u>**

Plaintiff requests leave to amend her Complaint to include the facts concerning her earlier EEOC submissions. (D.I. 12 at 11). Leave should "be freely given when justice so requires," and the Court cannot conclude at this stage that amendment of the hostile work environment claims would be futile. *See* Fed. R. Civ. P. 15(a)(2); *see also Fletcher-Harlee Corp. v. Pote Concrete Constr., Inc.*, 482 F.3d 247, 253 (3d Cir. 2007).

THEREFORE, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Partially Plaintiff's Complaint (D.I. 6) is GRANTED. Plaintiff's hostile work environment claims in Counts I and II of the Complaint are DISMISSED WITHOUT PREJUDICE, and her negligent hiring, training, and supervision claim is DISMISSED WITH PREJUDICE. Plaintiff may file an amended complaint within fourteen days to address the deficiencies identified above.

Maryellen Noreika

The Honorable Maryellen Noreika
United States District Judge